## Anderson Estate

*John S. Halsted*, for petitioner.

*Susan P. Windle* and *Greenwell, Porter, Smaltz & Royal*, for trustee.

MacElree, P. J., June 24, 1966.—On petition of
National Bank of Chester County and Trust Com-
pany, West Chester, as guardian of the estate of Lois
E. Anderson, an adjudged incompetent, a citation was
awarded, directed to First Pennsylvania Banking and
Trust Company, trustee, to show cause why a payment
of $2,000 should not be made to petitioner in accord-
ance with the provisions of paragraph Second A (2)
of a certain trust indenture of Conrad V. Anderson,
Jr., settlor. To said petition a responsive answer was
filed.

Based upon the pleadings and the responsive answer,
this court makes the following

### FINDINGS OF FACT

1. National Bank of Chester County and Trust
Company, West Chester, was duly appointed guardian
of the estate of Lois E. Anderson, an adjudged in-
competent, by a decree dated February 25, 1966.

2. As set forth in the petition for the appoint-
ment of such a guardian, the gross value of the alleged
incompetent's estate was unknown in that a large
part of it is comprised of undistributed interest in
incompetent's deceased husband's estate, which pres-
ently remains unsettled.

3. Since said appointment, the National Bank of
Chester County and Trust Company, West Chester,
as guardian, has received no income, although it has
in its possession current liabilities in the amount of
$4,814.27, in addition to which incompetent is pres-
ently a patient at the Embreeville State Hospital
and, as such, is incurring expenses which remain un-
paid.

4. The adjudged incompetent is the owner of a
dwelling house and parcel of ground in Willistown
Township, Chester County, Pa., which presently re-
quires care and maintenance, and no funds are avail-
able to accomplish such purpose.

5. The adjudged incompetent is the beneficiary

under an inter vivos life insurance deed of trust executed by Conrad V. Anderson, Jr., now deceased, of which the First Pennsylvania Banking and Trust Company is trustee.

6. Under the provisions of paragraph Second A (1) (2), Lois E. Anderson has the following rights.

"1. The entire net income shall be paid to her at least quarterly.

"2. As much of the principal as she may from time to time request in writing shall be paid to her, provided said sum or sums shall not exceed the total sum of TWO THOUSAND DOLLARS ($2,000) during the course of any trust year terminating annually upon the anniversary of the settlor's death which right shall be noncumulative".

7. That said Lois E. Anderson has neither requested nor received the sum of $2,000 for the current trust year.

8. The aforesaid inter vivos insurance trust is presently being administered by the First Pennsylvania Banking and Trust Company, of Philadelphia, Pa., trustee named therein.

9. National Bank of Chester County and Trust Company, West Chester, guardian of the estate of Lois E. Anderson, an adjudged incompetent, believes that the sum of $2,000 is necessary and essential in order to partially provide for the maintenance, support and care of the above named incompetent.

### DISCUSSION

The question presented to this court is whether the guardian of the estate of Lois E. Anderson, an adjudged incompetent, may, with court approval, request, demand and is entitled to receive the sum of $2,000 under the terms of said trust indenture.

The answer filed by the First Pennsylvania Banking and Trust Company concludes as follows:

"WHEREFORE, Respondent leaves the granting or

denial of the prayer of the Petition for Withdrawal of Principal to the discretion of your Honorable Court".

Counsel for petitioner concedes that he has been unable to find any appellate court authority in support of the guardian's petition.

"It is firmly established that the committee of a lunatic or the guardian of a weak-minded person cannot elect on behalf of the ward to take against the will of the latter's spouse *unless empowered to do so by the court.*

"It is exclusively for the court, which is the real guardian of the incompetent, to determine whether such an election should be made, and well defined principles have been laid down as guides for the exercise of its discretionary power.

". . . the welfare of the widow is the main object of such consideration": Peden Estate, 409 Pa. 194, 198.

An analogous situation is to be found in the case of Moorehead v. Northumberland County Retirement Board, 86 D. & C. 283. It was there held that:

"A county employe, who has made payments into a retirement fund . . . has, upon reaching the superannuation retirement age, a vested right to retirement pay, and neither dismissal from service nor any involuntary removal can thereafter affect this vested right.

"Under the above circumstances, a guardian appointed for the employe who has become an incompetent may, with the court's approval, file an intention to retire on his ward's behalf, apply for retirement allowance, and elect the manner in which the retirement allowance shall be paid". (Syl.)

In the opinion of this court, the per curiam opinion above referred to is a sound conclusion. As pointed out therein:

"It is true the guardian of this incompetent had

no statutory power to signify the intention of its ward to retire, make application for retirement allowance, and elect retirement benefits, it could only act as directed and empowered by the court: ... The denial of the power of the guardian to deal with this fund, with leave of court, would destroy the power of anyone to deal with it. In the final analysis, under statute, the court's undoubted duty is to exercise its protective power over the person and estate of the incompetent. A feeble-minded or weak-minded person is the ward of the court appointing the guardian, and the guardian is simply its agent in protecting him and his estate".

This court is of opinion that where the guardian of an adjudged incompetent has, during the lifetime of incompetent, a right with leave of court to elect to take against a will, it should and does have power to so elect, with leave of court to take under the provisions of a trust indenture.

Under the circumstances here present, this court, therefore, enters the following

### DECREE

And now, to wit, June 24, 1966, upon consideration of the petition and answer filed, it is decreed that petitioner, National Bank of Chester County and Trust Company, West Chester, guardian of the estate of Lois E. Anderson, an adjudged incompetent, is entitled, upon written request on her behalf with court approval hereby granted, to receive from First Pennsylvania Banking and Trust Company, of Philadelphia, Pa., the sum of $2,000 under the provisions of a trust indenture of Conrad V. Anderson, Jr., dated April 29, 1959.

It is further ordered and decreed that said First Pennsylvania Banking and Trust Company, trustee under said inter vivos trust, shall, upon written request as provided in said indenture, pay to National

Bank of Chester County and Trust Company, West Chester, guardian of the estate of Lois E. Anderson, an adjudged incompetent, the sum of $2,000 from the principal of said trust fund.